UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JORDAN L. GRUBE,

    **Plaintiff,**

    v.                                        Civil Action 2:20-cv-4953
                                              Judge Sarah D. Morrison
                                              Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL**
**SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

    Plaintiff, Jordan L. Grube ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Period of Disability, Disability Insurance, and Supplemental Security Income Benefits.  This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 17), the Commissioner's Memorandum in Opposition (ECF No. 18), Plaintiff's Reply (ECF No. 19) and the administrative record (ECF No. 12).  For the reasons that follow, the undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

                                              I.      **BACKGROUND**

    Plaintiff filed her applications for Title II Period of Disability and Disability Income Benefits and Title XVI Supplemental Security Income Benefits on October 5, 2017, alleging that she became disabled January 31, 2013.  (R. 471–83.)  On September 12, 2019, following administrative denials of Plaintiff's applications initially and on reconsideration, a hearing was

held before Administrative Law Judge Jeannine Lesperance (the "ALJ"). (*Id.* 44–78.) Plaintiff, represented by counsel, appeared and testified. Vocational expert Eric Pruitt (the "VE") also appeared and testified at the hearing. On October 15, 2019, the ALJ issued a decision denying benefits. (*Id.* at 26–38.) On July 21, 2020, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. 1–4.) Plaintiff then timely commenced the instant action. (ECF No. 1.)

In her Statement of Errors (ECF No. 17), Plaintiff asserts a single contention of error: that the ALJ failed to properly evaluate and account for the limitations opined by the state agency psychologists. (*Id.* at 7–15.)

## II. THE ALJ'S DECISION

On October 15, 2019, the ALJ issued a decision denying benefits. (R. 26–38.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2016, her date first insured. (*Id.* at 28.) At step two,

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

2

the ALJ found that Plaintiff has the severe impairments of migraine headaches, obesity, anxiety and depression. (*Id.* at 29.) She further found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC")[2] as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she could engage in occasional stooping and crawling; no climbing ladders, ropes or scaffolds or work around hazards, such as unprotected heights and work in proximity to exposed moving mechanical parts; and no occupational driving. The claimant can perform simple, routine tasks at an average pace without strict time or production demands; frequently interact with others on matters limited to the straightforward exchange of information without negotiation, persuasion or conflict resolution; and adapt to occasional changes in work duties that are explained.

(*Id.* at 32.)

At step five of the sequential process, the ALJ found that Plaintiff had no past relevant work. (*Id.* at 37.) The ALJ further found, relying on the VE's testimony, that in light of Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could have performed, such as a routing clerk, labeler, or housekeeping cleaner. (*Id.* at 37–38.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.* at 38.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

As noted above, Plaintiff asserts a single contention of error: that the ALJ failed to properly evaluate and account for the limitations opined by the state agency psychologists Katherine Fernandez, Psy.D. and Karla Delcour, Ph.D, when crafting Plaintiff's RFC. (Pl.'s Statement of Errors 7–15, ECF No. 17.) The undersigned agrees.

4

A claimant's RFC is an assessment of "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1) (2012). A claimant's RFC assessment must be based on all the relevant evidence in a his or her case file. *Id*. The governing regulations[3] describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)-(5); 416.913(a)(1)–(5). When evaluating medical opinions, an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering medical opinions: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program s policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5). Although there are five factors, supportability and consistency are the most important, and the ALJ must explain how they were considered. §§ 404.1520c(b)(2); 416.920c(b)(2). And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. *Id*. If, however, an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

---

[3] Plaintiff's applications were filed after March 27, 2017. Therefore, it is governed by revised regulations redefining how evidence is categorized and evaluated when an RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c, 416.913(a), 416.920c (2017).

Here, state agency psychologists Katherine Fernandez, Psy. D., and Karla Delcour, Ph.D., reviewed Plaintiff's medical records at the initial and reconsideration level, respectively. (R. 361–62, 377–78, 394–95, 409–11.) Both Dr. Fernandez and Dr. Declour opined as follows: Plaintiff is "not significantly limited" in her ability to understand and remember instructions; Plaintiff is able to understand and remember instructions for "repetitive moderately complex tasks"; Plaintiff is "able to sustain moderately complex tasks in a static setting"; "[b]reaks should be flexible to allow [Plaintiff] to attenuate [psychological] symptoms"; "[s]upervision should be available to redirect as necessary"; "[n]o time pressures should be imposed"; Plaintiff "is able to do work with minimal contact with the general public, and limited/superficial interactions with coworkers"; Plaintiff "should not do work that requires supervision of others, negotiation, arbitration, or persuasion"; Plaintiff "would do best in a solitary position"; and Plaintiff "is able to do work with few changes and where changes are explained in advance." (*Id.*)

The ALJ provided the following discussion of the state agency psychologists' opinions, concluding that some, but not all, were consistent with the record as a whole:

> I also considered the State agency psychological consultant's opinions (Exhibits 3A, 4A, affirmed at Exhibits 7A, 8A) and find them persuasive to the extent they are generally consistent with the limits on pace, social interaction and adaptation adopted herein. I note, however, that the State Agency found her only mildly limited in understanding, remembering and applying instructions, but nonetheless reduced complexity to moderately complex tasks, which is internally inconsistent. I adopted limits on pace, social interaction, and adaptation that are generally consistent with the State Agency limits. However I found her more limited in complexity given expected deficits in concentration with headaches, and so limited her to simple tasks (unskilled work). I also note that treating sources felt that anxiety appeared to play a role in her headaches, and so I also limited complexity, despite her normal intellect, to simple tasks, to further reduce her to lower stress work. The State Agency provided for "minimal" interaction with public and "limited/superficial" interaction with coworkers and supervisors, but then conversely provided that supervision be available for redirection as necessary, which appears to both preclude and require frequent supervisory interactions. I find these limits unpersuasive, both because significant issues with attention and concentration are not supported in the collateral record, which generally notes

6

> normal psychological findings on numerous physical exams, and does not support the need for redirection (e.g. 11F/8). Also the State Agency uses terms that are not consistent with the DOT or otherwise defined, including "minimal," "limited," and "superficial." Overall I find that the State Agency endorses no more than occasional interaction with others, but I find the record better supports the ability to interact frequently, as it does not support significant social anxiety, panic, or difficultly interacting with treating sources as shown in the record. The State Agency limited her to "few changes" that are explained in advance. I found she can adapt to occasional changes in duties that are explained. I find this generally consistent with the State Agency limits, though again the State Agency uses the undefined term "few" rather than *Dictionary of Occupational Titles* language (i.e. "occasional"). Moreover, given her minimal collateral psychiatric findings in treatment records, and her very limited treatment history for mental health, I find she can adapt to occasional changes. I provided that changes be explained, though I note that as any change must necessarily be communicated to the worker [*sic*].

(R. 35–36.)

The undersigned finds that the ALJ erred in her consideration of Dr. Fernandez's and Dr. Delcour's opinions. Plaintiff raises four issues with the ALJ's analysis of the state agency psychologists' opinions, at least one of which requires remand. Namely, Plaintiff takes issue with the ALJ's failure to discuss the state agency psychologists' opinions that "breaks should be flexible" to allow for attenuation of Plaintiff's anxiety symptoms. Indeed, despite the regulations requiring the ALJ to consider all of the medical opinions and explain the persuasiveness of those opinions, the ALJ failed to mention, let alone explain her rationale for rejecting, the limitation of flexible breaks. The Commissioner's only argument against reversal on this point is that "the ALJ was not required to adopt verbatim the phrasing of any medical source when assessing Plaintiff's RFC." (Mem. in Opp'n 7, ECF No. 18, quoting *Colwell v. Astrue*, No. 3:06CV345, 2008 WL 696875, at *7 (S.D. Ohio Mar. 12, 2008)). Yet, though the Commissioner is correct that the ALJ may adopt portions of a medical opinion without adopting all of it, *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015), the ALJ must still "say enough 'to allow the appellate court to trace the path of h[er] reasoning.'" *Stacey*, 451 F. App'x at 519 (quoting *Diaz v. Chater,* 55 F.3d 300, 307 (7th Cir. 1995)). Here, not only did the ALJ fail to

expressly consider the flexible break limitation, but the RFC is also devoid of other limitations accounting for the need for flexible breaks. Nor does the ALJ's discussion of the remainder of the evidence address the need for flexible breaks. (*See generally* R. 26–38.) "Consequently, the undersigned cannot discern whether the ALJ rejected the state-agency opinions "for legitimate or illegitimate reasons or whether [s]he failed to consider [them] at all in assessing [Plaintiff's] residual functional capacity." *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 520 *(6th Cir. 2011)*; *see also Moore v. Colvin*, No. 2:14-CV-455, 2015 WL 5675805, at *7 (S.D. Ohio Sept. 28, 2015) (remanding where the Court was "left with an inability to discern whether the ALJ discounted portions of these three State agency consultants' opinions for valid or invalid reasons, or simply ignored them altogether").

This Court has found reversible error in similar cases in which the ALJ failed to address a state agency psychologist's opinion that the claimant would require flexible breaks. *See Wright v. Comm'r of Soc. Sec.*, No. 2:18-CV-609, 2019 WL 1512542, at *6 (S.D. Ohio Apr. 8, 2019), *report and recommendation adopted*, 2019 WL 3007085 (S.D. Ohio July 10, 2019) (remanding due to ALJ's failure to address state agency psychologist's opined limitation that claimant would need "occasional flexibility in task, breaks, and shifts," even though the ALJ gave the state agency psychologists' opinions as a whole only "partial" weight); *Mardis v. Comm'r of Soc. Sec.*, No. 2:20-CV-1765, 2021 WL 221994, at *5 (S.D. Ohio Jan. 22, 2021), *report and recommendation adopted*, 2021 WL 2665468 (S.D. Ohio June 29, 2021) (remanding when the ALJ failed to explain why the RFC omitted limitations regarding flexible breaks opined by state agency psychologists); *Clark v. Comm'r of Soc. Sec.*, No. 2:20-CV-3338, 2021 WL 1903912, at *6 (S.D. Ohio May 12, 2021) (same). The same conclusion is warranted here.

8

The undersigned further concludes that the ALJ's failure to address the omitted limitations does not constitute harmless error. Indeed, "an error is harmless only if remanding the matter to the agency 'would be an idle and useless formality' because 'there is [no] reason to believe that [it] might lead to a different result.'" *Stacey*, 451 F. App'x at 520 (quoting *Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x. 171, 173 (6th Cir. 2004)). Here, it is not clear whether Plaintiff could perform work in the national economy if her abilities are as limited as opined by the state agency psychologists. And further, "[r]emanding this case is not a mere formality, as it 'would propel [our Court] into the domain which Congress has set aside exclusively for the administrative agency,' if we were to determine the jobs available to [Plaintiff] based upon her limitations." *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192 (6th Cir. 2009) (citations omitted). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's statement of errors be **SUSTAINED**.[4]

V. **DISPOSITION**

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

---

[4] Because the undersigned finds that remand is required based upon the ALJ's failure to address the propriety of flexible breaks, the undersigned need not resolve Plaintiff's alternative arguments in support of reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's alternative arguments if appropriate.

9

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE